## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM WALKER,** | **:** | |
| **Plaintiff** | **:** | **CIVIL ACTION NO. 3:20-1714** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **DR. DAVID EDWARDS,** *et al.*, | **:** | |
| **Defendants** | **:** | |

## MEMORANDUM

### I. BACKGROUND

Plaintiff, William Walker, an inmate confined at the State Correctional Institution, Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). He complains of an injury to his feet when he was issued a "pair of refurbished boots." Id. The named Defendants are the following SCI-Camp Hill employees: Dr. David Edwards, Dr. Voorstad and Physician's Assistant Greg Forsyth. Id.

On April 1, 2021, Defendants filed a motion to dismiss Plaintiff's complaint. (Doc. 23). By Order dated February 2, 2022, Plaintiff was granted until March 4, 2022 to file a brief in opposition to Defendants' motion to dismiss. (Doc. 33). The Order forewarned Plaintiff that his failure to oppose

the motion would result in the motion being granted as unopposed. Id. To

date, no brief in opposition has been filed. For the reasons that follow, the

Court will grant Defendant's motion to dismiss as unopposed.


## II. ALLEGATIONS IN COMPLAINT

Plaintiff's compliant states in toto:

On 12/04/2017 I went to medical for a left foot medical condition.
The injury sustained was caused by a pair of refurbished boots
distributed to me by Camp Hill's/Laundry Department. Plaintiff
has been provided inadequate medications, subjecting me to
ongoing substantial discomfort, as of current date July 20, 2020.
The long lengths of my issue is and has been mentally and
physically affecting me, due to the pain in the matter.
Medication(s) did [not] properly treat forcing me to be in
psychological fear of limbs can be amputated or vital organ
failure in the future, form (sic) various medications placed on.
The negligence and deliberate indifference by the aforesaid
Defendants resulted to Plaintiff being injured, suffering
continuously. Plaintiff injury sustained was on my left and right
foot, My skin was burned off.

Plaintiff injury sustained was on my left and right foot. My skin
was burned off of my left and right foot. I had abnormal swelling,
blood and pus discharged from my left and right foot, excruciating
internal pain that was unpleasant and an atrocity (sic) odor.

The mandated wound care treatment was unidentified chemical
product, recommended by a Medical Professional.

(Doc. 1, complaint). For relief, Plaintiff seeks compensatory and punitive

damages. Id.

- 2 -

### III. MOTION TO DISMISS

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable

for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

- 4 -

In the context of *pro se* prisoner litigation, the court must be mindful that a document filed *pro se* is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## IV. DISCUSSION

### A. Personal Involvement

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. §1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under §1983, a

plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of respondeat superior." Id. In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs ... shown through allegations of personal direction or of actual knowledge and acquiescence." Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08. A plaintiff must establish the particulars of conduct, time, place, and the person responsible. Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of, or personal involvement in, the deprivation of his or her rights, individual liability will not follow. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08. A claim of a constitutional deprivation cannot be premised merely on the fact that the

named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. See Rode, 845 F.2d at 1207.

Plaintiff makes no allegations as to how any of the named Defendants are personally involved in the alleged violation of his rights. In fact, Plaintiff fails to refer to any Defendant by name in his complaint. As such, the complaint lacks the necessary specificity as to the how the named Defendants had any personal knowledge or involvement in Plaintiff's alleged constitutional violations.

**B. Eighth Amendment Medical Claim**

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Ctv. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the

objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

With respect to the subjective deliberate indifference component, the Supreme Court has established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

- 8 -

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008)("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons."). The Court of Appeals for the Third Circuit in Durmer added that a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.

Plaintiff has failed to satisfy the deliberate indifference requirement of Estelle. Assuming without deciding that Plaintiff suffered from a serious medical need or condition, Plaintiff's complaint clearly demonstrate that Plaintiff received medical attention, and that the attention Plaintiff received

lacks the requisite deliberate indifference to support a Section 1983 claim. Thus, Plaintiff's own admission averts any deliberate indifference with respect to treatment for his injury.  Specifically, Plaintiff states that he was seen by medical for his condition, provided wound care, and was given various medications by "Medical Professionals." (Doc. 1).

At best, Plaintiff's complaint demonstrates his disagreement with the type of treatment rendered. This is particularly so in light of the fact that there are no allegations in the complaint that any of the Defendants intentionally withheld medical treatment from Plaintiff in order to inflict pain or harm upon Plaintiff. Farmer, 511 U.S. at 837; Rouse, 12 F.3d at 197. Thus, the allegations in the Plaintiff's complaint amount to nothing more than Plaintiff's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. Where, as here, an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. Nottingham v. Peoria, 709 F. Supp. 542, 547 (M.D. Pa. 1988). At most, the allegations in the complaint only rise to the level of mere negligence. As simple negligence cannot serve as a predicate to liability under §1983, Hudson v. Palmer, 468 U.S. 517 (1984), Plaintiff's civil rights complaint fails to articulate an arguable claim. See White, 897 F.2d at 108-110.

## C.  **Professional Negligence**

Pennsylvania Rule of Civil Procedure 1042.3 requires that a plaintiff file a certificate of merit ("COM") from a medical expert with respect to a professional negligence claim against the United States.[1] Rule 1042.3 provides as follows:

> (a)    In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> (1)    an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2)    the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

---

[1] A COM must be filed for a Pennsylvania state professional negligence claim or the claim will be dismissed. Velazquez v. UPMC Bedford Memorial Hospital, 328 F.Supp.2d 549, 558 (W.D. Pa. 2004).

> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

PA. R. CIV. P. 1042.3(a).

If a plaintiff fails to file the required certificate within sixty (60) days of filing the complaint, the proper procedure in federal practice is to file a motion pursuant to Federal Rule of Civil 12(b)(6) to dismiss the professional negligence claim without prejudice. Stroud v. Abington Mem'l Hosp., 546 F.Supp.2d 236, 250 (E.D. Pa. 2008). "[T]he sixty-day deadline for filing a COM will be strictly construed and not lightly excused." Id. The rule applies to *pro se* as well as represented plaintiffs and constitutes a rule of substantive state law with which plaintiffs in federal court must comply. See Iwanejko v. Cohen & Grigsby, P.C., 249 Fed.Appx. 938, 944 (3d Cir. 2007); Maruca v. Hynick, 2007 WL 675038, at *3 (M.D. Pa. 2007) ("[T]he language of Rule 1042.3(a) – i.e., 'or the plaintiff if not represented ... shall file ... a certificate of merit' expressly requires that a *pro se* plaintiff must file a certificate of merit,").

Failure to file a certificate of merit under Rule 1042.3(a), or a motion for extension under Rule 1042.3(d), is fatal unless the plaintiff demonstrates that his failure to comply is justified by a "reasonable excuse." Perez v. Griffin, 304 Fed.Appx. 72 (3d Cir, 2008) (*per curiam*) (nonprecedential); see

also Womer v. Hilliker, 908 A.2d 269, 279-80 (Pa. 2006) (holding that a court may reconsider judgment entered for failure to comply with Rule 1042.3 if the plaintiff demonstrates a "reasonable excuse" for the noncompliance); Pa. R. Civ. P. 1042.6 (authorizing entry of *non-pros* judgment if a malpractice plaintiff fails to comply with Rule 1042.3).

In the instant case, Williams was required to file a COM producing expert testimony that the treatment of his alleged condition was causally related to any injury for which he seeks compensation. Williams filed his complaint on September 22, 2020. Thus, he was required to file a COM on or before November 23, 2020. Plaintiff's filing of his COM is now long overdue and as such, Plaintiff's professional negligence claim will be dismissed.

## V. LEAVE TO AMEND

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, it is clear from the facts alleged in the *pro se* complaint that any attempt to amend the plaintiff's §1983 claims against the named Defendant

- 13 -

would be futile. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, the Court will dismiss the Plaintiff's §1983 claims without leave to amend.

## VI.   CONCLUSION

For the reasons set forth above, the Court will grant Defendants' motion to dismiss. (Doc. 23).

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 11, 2022**
20-1714-01

- 14 -